**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000093
23-JUN-2022
07:52 AM
Dkt. 40 SO**

NO. CAAP-21-0000093

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PETE K. BASABE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO.  3DCC-20-0000824)

SUMMARY DISPOSITION ORDER
(By:  Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Pete K. Basabe (**Basabe**) appeals from the February 5, 2021 Judgment and Notice of Entry of Judgment, filed by the District Court of the Third Circuit, Kona Division (**District Court**).[1]

Basabe was convicted of violating Hawaii Administrative Rules (**HAR**) § 13-60.4-4(6),[2] an administrative rule adopted by the Department of Land and Natural Resources prohibiting SCUBA

---

[1]    The Honorable Mahilani E.K. Hiatt presided.

[2]    HAR § 13-60.4-4(6) (effective 2013) states:

§13-60.4-4 <u>Activities prohibited within the West Hawaiʻi regional fishery management area.</u>  While within the West Hawaiʻi regional fishery management area, no person shall:

. . . .

(6) Engage in or attempt to engage in SCUBA spearfishing, possess both SCUBA gear and a spear at the same time, or possess SCUBA gear and any specimen of speared aquatic life at the same time.

spearfishing activity in the West Hawaiʻi Regional Fishery Management Area.[3]

On appeal, Basabe contends the District Court erred by convicting him because it erroneously interpreted HAR § 13-60.4-4(6) to prohibit mere possession of inoperable SCUBA tanks without an intent or attempt to use them.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Basabe's point of error as follows, and affirm.

Basabe argues that "the district court interpreted HAR § 13-60.4-4(6) to prohibit the possession of SCUBA equipment, whether it was operational or not. This interpretation was wrong and inconsistent with the purpose of the statute [sic]." Basabe claims "HAR § 13-60.4.4(6), the charging statute [sic] in this case first prohibits engaging in or attempting to engage in SCUBA spearfishing and then possessing both SCUBA gear and a spear at the same time, or possessing SCUBA gear and any specimen of speared aquatic life at the same time." Accordingly, he asserts that, as evidenced by the first prohibition against engaging in or attempting to engage in SCUBA spearfishing, "the plain meaning and intent of the statute [sic] is to prohibit <u>actual</u> SCUBA spearfishing (or the attempt to do so) in the fisheries management area, not simply the possession of SCUBA equipment incidentally with either a spear or speared aquatic life." Basabe further claims the District Court's interpretation creates an ambiguity which requires this court to look to the purpose of the creation of the West Hawaiʻi Regional Fishery Management Area, which is to prevent the actual taking of resources. Lastly, Basabe contends he did not possess SCUBA gear because the SCUBA tanks were not operable without a regulator, which was not found in his possession.

> The general principles of construction which apply to statutes also apply to administrative rules. As in statutory construction, courts look first at an administrative rule's language. If an administrative

---

[3] Violation of HAR § 13-60.4-4(6) is a petty misdemeanor. Hawaii Revised Statutes (**HRS**) § 188-70 (2011 & Supp. 2019).

> rule's language is unambiguous, and its literal
> application is neither inconsistent with the policies
> of the statute the rule implements nor produces an
> absurd or unjust result, courts enforce the rule's
> plain meaning.

Faqaragan v. State, 132 Hawaiʻi 224, 240, 320 P.3d 889, 905 (2014), as corrected (Mar. 21, 2014)(underscore and citation omitted). The interpretation of a statute is a question of law that we review *de novo*. State v. Kelekolio, 94 Hawaiʻi 354, 356, 14 P.3d 364, 366 (App. 2000) (citations omitted). We likewise apply de novo review to interpretation of HAR § 13-60.4-4(6), an administrative rule. See Faqaragan, 132 Hawaiʻi at 240, 320 P.3d at 905.

We start first with Basabe's interpretation of the plain language of HAR § 13-60.4-4(6). HAR § 13-60.4-4 states that no person shall "(6) Engage in or attempt to engage in SCUBA spearfishing, possess both SCUBA gear and a spear at the same time, or possess SCUBA gear and any specimen of speared aquatic life at the same time." The plain language of HAR § 13-60.4-4(6) is unambiguous and specifies three prohibitions, not only one of which may be proven in two ways as Basabe claims. See Faqaragan, 132 Hawaiʻi at 240, 320 P.3d at 905.

HAR § 13-60.4-4(6) prohibits (1) SCUBA spearfishing or attempted SCUBA spearfishing, (2) possession of both SCUBA gear and a spear at the same time, and (3) possession of both SCUBA gear and any specimen of speared aquatic life at the same time. Contrary to Basabe's claim, HAR § 13-60.4-4(6) does not prohibit the mere possession of SCUBA gear by itself; the rule prohibits possession of SCUBA gear with concurrent possession of a spear or speared aquatic life.

The District Court's interpretation of HAR § 13-60.4-4(6) and its application to Basabe do not conflict with the policies of HAR Chapter 13-60.4, which pertains to the West Hawaiʻi Regional Fishery Management Area. See id. The "intent and purpose" of the chapter is, *inter alia*, to "[e]stablish the West Hawaiʻi Regional Fishery Management Area for improved management of consumptive and nonconsumptive uses of aquatic resources," "[e]nsure the sustainability of the State's nearshore ocean resources," and "[i]dentify areas and resources of

3

statewide significance for protection[.]"  HAR § 13-60.4-1(a)(1), (2), and (6).  To that end, HAR § 13-60.4-4(6) prohibits not only SCUBA spearfishing and attempted SCUBA spearfishing, but also possession of both SCUBA gear and a spear at the same time, as well as possession of both SCUBA gear and speared aquatic life at the same time, within the West Hawaiʻi Regional Fishery Management Area.  The express prohibition of possession of SCUBA gear with a spear or speared aquatic life under HAR § 13-60.4-4(6) is a determination that possession of these combinations of items constitute an unacceptable risk that these items will be used for an unlawful purpose, such as SCUBA spearfishing.  See State v. Rapozo, 123 Hawaiʻi 329, 339-40, 235 P.3d 325, 335-36 (2010)(construing HRS § 134-7(b) which prohibits possession of any firearm or ammunition by a person convicted of a felony as reflecting the legislature's determination that the possession of firearms or ammunition by certain categories of people raises an unacceptable risk that the items will be used for unlawful purposes).  The prohibition at issue here is related to the purpose of managing and protecting the aquatic resources of the state, and thus does not conflict with the purpose and intent of HAR Chapter 13-60.4.

Basabe's remaining argument is that a SCUBA tank without a regulator is inoperable; and therefore, it does not fall within the meaning of SCUBA gear.  This argument is without merit.  "'SCUBA gear' means any equipment adapted, designed, or commonly used to enable a diver to breathe while underwater, including but not limited to SCUBA regulators, high pressure cylinders, rebreathers, SNUBA, and hookah rigs."  HAR § 13-60.4-3.  Basabe's argument relies upon the premise that without both a regulator and SCUBA tank it is not possible to breathe underwater.  In other words, Basabe argues that possession of one item without the other does not enable underwater breathing; therefore, neither alone would constitute SCUBA gear.  However, the non-exclusive list of equipment that is considered "SCUBA gear" under HAR § 13-60.4-3 provides that regulators are SCUBA gear.  Any single piece of equipment that is "designed" or "commonly used to enable a diver to breathe while under water"

qualifies as SCUBA gear -- proof of any particular item actually providing the ability to breathe underwater is not required. The Rule does not state that the equipment must actually be used for underwater breathing at the time of offense. It applies to equipment that is "adapted, designed or commonly used to enable" underwater breathing. HAR § 13-60.4-3. The District Court did not err in its interpretation of SCUBA gear or its application of HAR § 13-60.4-4(6) to Basabe.

For the foregoing reasons, the February 5, 2021 Judgment and Notice of Entry of Judgment, filed by the District Court of the Third Circuit, Kona Division, are affirmed.

DATED: Honolulu, Hawaiʻi, June 23, 2022.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Stephen L. Frye,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge